UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Walker Russell Harter, Sr.,<br><br>　　　　　　　　　　　Debtor. | Case No. Case No. 19-02879-dd<br>Chapter 7 |
| The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Walker Russell Harter, Sr.,<br><br>　　　　　　　　　　　Defendant | Adv. Pro. No. 19-80094-dd<br><br>**MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

The Plaintiffs, The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart (the "Plaintiffs"), by and through their undersigned counsel, file this memorandum in opposition to the Motion for Summary Judgment or Judgment on the Pleadings filed by Walker Russell Harter, Sr. ("Debtor" or "Defendant").

**PROCEDURAL HISTORY**

First, in the discussion of the procedural history, the Debtor appears to confuse the difference between issue preclusion and claims preclusion. While it is true in cases of default, none of the

issues are actually litigated and therefore the legal theory of issue preclusion does not apply, claims preclusion is routinely and required to be applied by federal courts. As the South Carolina Bankruptcy Court recognized in *In re Ford*, "the preclusive effect of a state court judgment in federal court depends upon state law." No. 05-44958-jw, 2006 Bankr. LEXIS 821, *7 (Bankr. D.S.C. Mar. 10, 2006) (citing *Levine v. McLeskey*, 164 F.3d 210, 213 (4th Cir. 1998) and *In re Swilley*, 295 B.R. 839, 846 (Bankr. D.S.C. 2003)). In South Carolina, claims preclusion or "[r]es judicata requires three elements: (1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical [to the parties] in the first; (3) the second action must involve matters properly included in the first action." *Latimer v. Farmer*, 360 S.C. 375, 385, 602 S.E. 2d 32, 37 (2004) (*citing Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 512 S.E.2d 106 (1999)). When the State Court order has not been appealed or challenged by a motion for relief from judgment or order, even though the Order is a default judgment, it constitutes a final judgment on the merits. 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4442 (1981); *see also Bobo v. Vanderbilt Mortg. & Fin., Inc. (In re Bobo)*, Adversary Pro. No. 07-80057-HB, 2008 Bankr. LEXIS 165, *13-15 (S.C. Bankr. 2008).

Thus, while issue preclusion may not apply, claims preclusion does apply.

## STANDARD ON MOTION FOR SUMMARY JUDMGNET

Rule 56(c) of the Federal Rules of Civil Procedure, applicable to adversary proceedings under the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. Summary judgment is appropriate "if the evidence is such that a reasonable jury could not return a verdict for

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether summary judgment is appropriate, the court must view all evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party has the initial burden to show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once this initial showing is made, the burden of production shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. 2548; see also Fed.R.Civ.P. 56(e). In meeting this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts and must demonstrate there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87, 106 S.Ct. 1348; *see also Campbell v. Deans (In re J.R. Deans Co.)*, 249 B.R. 121, 128 (Bankr. D.S.C. 2000) (quoting *Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assoc.)*, 194 B.R. 967, 976 (Bankr.D.S.C.1995)) (" '[T]he party opposing summary judgment may not merely rely on his pleadings but must set forth specific facts which controvert the moving party's facts and which show the existence of a genuine issue for trial.' "). The Court should grant summary judgment "against a party who fails to make a showing sufficient to establish the evidence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Dunes Hotel Assoc.*, 194 B.R. at 976 (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548).

In this case, the initial burden has not been met. The Debtor provides no affidavit or evidence to support his allegations. Thus, the Motion should be denied. Instead of meeting his

burden of proof, the Debtor instead argues alleged facts, without support. The Plaintiffs have brought three causes of action. The Debtor challenges the three causes of action.

1. **Denial of Discharge under 11 U.S.C. §523(a)(4)**

Under Section 523(a)(4), a debt is excepted from discharge if it arises from "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." The Debtor points to Bullock v. BankChampaign, N.A. 569 U.S.267, 133 S.Ct. 1754 (2013), as the reason the Debtor is entitled to Summary Judgment. The Debtor states that this case requires a showing of "an intentional wrong." The Judgments against the Debtor in this case are attached to and incorporated into the Complaint. Each judgment finds that the Debtor committed: a. Negligence, gross negligence and recklessness; b. conversion, c. outrage, d. breach of fiduciary duty; and breach of contract accompanied by a fraudulent act. Thus, each judgment finds that the Debtor owed a fiduciary duty to each Plaintiff. Each judgment finds that the Debtor intentionally converted the funds of the Plaintiff, specifically finding that the Debtor was "dishonest in fact, unfair in [his] dealings, and unlawfully appropriated funds in [his] contractual dealings with the plaintiffs." See e.g. Exhibit 1 to Complaint Doc 1-1, p. 7 at ¶18; Doc 1-2, p. 6, at ¶14; Doc 1-3 (same); Doc 1-4 (Same); Doc 1-5 (Same); Doc 1-6 (Same); Doc 1-7 (Same); Doc 1-8 (Same); Doc 1-9 (Same); Doc 1-10 (Same); Doc 1-12 (Same); Doc 1-13 (Same); Doc 1-14 Same). Each judgment finds that the Debtor's culpability is equal to his son and that the Debtor engaged in "wrongful conducted intended to harm the plaintiffs." Each judgment awards punitive damages against the Debtor and an award of punitive damages establishes the required intentional wrong. Thus, contrary to the unsupported position of the Debtor, the Judgments clearly provide evidence of the necessary elements of this cause of action and the Motion for Summary Judgment should be denied.

2. **Denial of Discharge Under 11 U.S.C. §523(a)(6)**

Under Section 523(a)(6), the Plaintiff must show that the Debtor's actions were "willful" and malicious". *See First National Bank of Maryland v. Stanley (In re Stanley),* 66 F.3d 664, 667-668 (4th Cir. 1995). To prove willfulness, the Plaintiff must show the debtor acted with the intent to harm. This Court has long recognized that when a debtor steals someone's money, they intend to harm that person. *See Internet Auto. Group v. Shaffer (In re Shaffer)*, 305 B.R. 771, 776, (S.C. Bankr. 2004), 2004 Bankr. LEXIS 255, 11, 51 Collier Bankr. Cas. 2d (MB) 1423 (Debtor's failure to deliver the $ 69,700.00 in proceeds from the sale of the Group Two Vehicles constitutes conversion and therefore meets the requirements of § 523(a)(6)). Thus, like all of the other cases in which the Debtor converted the Plaintiff's money, in this case, the Debtor's obligations to the Plaintiff should not be discharged and the motion for summary judgment should be denied.

3. **Denial of Discharge Under 11 U.S.C. §523(a)(11)**

Under Section 523(a)(11), the Bankruptcy Court will deny the discharge of any debt "provided in any final judgment ... arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution". In opposing this cause of action, the Debtor makes the misstatement that the judgments do not allege any financial malfeasance was committed by the Debtor or that the Debtor was a fiduciary to the Plaintiffs. The judgments are to the contrary. See Doc 1-1, ¶15 "I find the defendants stood in a fiduciary relationship with the plaintiffs, namely Banker and Account Holder, respectively" and ¶16 "I find the Defendants breached their fiduciary duties to plaintiffs with willful, wanton, and reckless disregard for the plaintiffs' rights"; Doc 1-2 (same);  Doc 1-3 (same); Doc 1-4 (same); Doc 1-5 (same); Doc. 1-6 (same); Doc 1-7 (same); Doc 1-8 (same); Doc 1-9 (same); Doc 1-10 (same); Doc 1-12 (same); Doc 1-13 (same); Doc 1-14 (same). The Simmons Transcript of judgment was included in the Complaint. Attached hereto as Exhibit 1 is a copy of the actual Judgment in favor

of Simmons. In the Simmons' Judgment, the Court finds that "Simmons entrusted Defendants Walker, Jr. and Defendant Walker, Sr. with his money and they breached that trust." Exhibit 1 at Findings of Fact ¶7. Further the Court found that Walker, Sr.'s "culpability is equal to Walker, Jr.". Exhibit 1 at Conclusions of Law ¶10.

Thus, contrary to the unsupported allegations in the Plaintiff's motion for summary judgment, there is ample and uncontested evidence to support the cause of action under Section 523(a)(11). Therefore the Motion for Summary Judgment should be denied.

## CONCLUSION

The Defendant has failed to meet his burden under Rule 56 of the Federal Rules of Civil Procedure. He has provided no evidence to contest this complaint. To the contrary, the uncontested facts as provided for in the Judgments that have been incorporated into the Complaint establish that the obligations of the Defendant to the Plaintiffs should not be discharged under Sections 523(a)(4); 523(a)(6) and 523(a)(11).

/s/ Richard R. Gleissner
Richard R. Gleissner, Esquire
U.S. District Court ID No. 5389
Gleissner Law Firm, L.L.C.
1237 Gadsden Street, Suite 200A
Columbia, South Carolina 29201
(803) 787-0505
Attorneys for The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart

Dated: January 7, 2020