UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Walker Russell Harter, Sr.,<br><br>Debtor. | Case No.: 19-02879-dd<br>Chapter 7 |
| The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart,<br><br>Plaintiffs,<br><br>-vs-<br><br>Walker Russell Harter, Sr.,<br><br>Defendant. | Adv. Pro. No.: 19-80094-dd<br><br><br>**ANSWER TO COMPLAINT<br>TO DENY DISCHARGEABILITY** |

COMES NOW, Walker Russell Harter, Sr., Defendant in the above-captioned Adversary Proceeding (hereafter "Defendant", "Debtor", and/or "Harter") and, by counsel, for his answer to the complaint, would show as follows:

1. Defendant admits that this matter is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334(a, b) and 11 U.S.C. § 157(a), that this matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(J) as it is an action to determine the discharge of a debt.

2. Defendant admits that this proceeding arises under Title 11 U.S.C. and arises in

and relates to the Chapter 7 bankruptcy case of *In re: Walker Russell Harter, Sr.*, Case Number 19-02879-dd, pending in the District of South Carolina. The Court may enter a final judgment and the Defendant consents to the Court entering a final judgment.

3. Defendant admits that venue is proper in this Court because the Debtor's bankruptcy is in this Court and division in compliance with 28 U.S.C. §1409(a).

4. Defendant would show, upon information and belief, that the involuntary Chapter 7 bankruptcy to which this adversary proceeding pertains was filed on May 30, 2019. Debtor consented to entry of an Order for Relief, which was entered on July 15, 2019.

5. Defendant admits so much of the allegations of paragraphs 7 through 20, as allege that the named plaintiffs were awarded default judgments against the Defendant, but that said default judgments are ambiguous as to the cause or causes of action which can have been attributed to Defendant derivatively as a result of the actions of his co-defendant, as well as to the amount of damages, in particular punitive damages, for which Defendant can have been liable as a result of intentional torts committed by his co-defendant.

6. Defendant admits that Exhibit 14 contains copies of the relevant judgments but and that the sum of the judgments set forth is $55,224,938.67 but denies that he is liable for the acts and/or conduct alleged and denies that the amount is an accurate compilation of his liability.

2

7. Defendant admits the allegations of paragraphs 22 through 26 but denies that the recited findings are supported by evidence in the record and denies that he is liable for acts and conduct he neither participated in nor condoned nor was aware of.

8. With respect to paragraph 22 of the complaint, Defendant denies that evidence of record in the Transcripts of Hearings, in any documentary evidence adduced by Plaintiffs, or otherwise, establishes:

(a) either the existence of a fiduciary relationship between Defendant, individually, and any Plaintiff, or that Defendant breached any such alleged fiduciary relationship with any Plaintiff, such that Defendant disputes that he can have been liable for any breach of any fiduciary duty to any Plaintiff;

(b) that Defendant, individually, acquired possession of or exerted control over any asset of any Plaintiff such that Defendant disputes that he can have been liable for conversion of any property of any Plaintiff;

(c) that Defendant, individually, was a party to any contract with any Plaintiff, such that Defendant disputes that he can have been liable for breach of any such contract with any Plaintiff;

(d) that Defendant, individually, ever made any representation to any Plaintiff, such that Defendant disputes that he can have been liable for breach of any contract with fraudulent intent, with respect to any Plaintiff;

(e) that Defendant, individually, had any fiduciary relationship with any Plaintiff, such that Defendant disputes that he can have been liable for any breach of fiduciary duty with willful, wanton and reckless disregard for any such Plaintiff's rights;

(f) that Defendant, individually, had any fiduciary relationship with any Plaintiff, nor that Defendant committed or was aware of any wrongful or culpable act affecting any Plaintiff, such that Defendant disputes that he can have been liable for any defalcation with respect to any Plaintiff;

(g) that Defendant, individually, engaged in any act or conduct affecting any Plaintiff, such that Defendant disputes that he can have been liable for any willful and malicious injury;

3

(h)  that Defendant, individually, or in his capacity as an officer or director of Allendale County Bank, engaged in any culpable act or conduct affecting any Plaintiff, such that Defendant disputes that he can have been liable for any fraud and defalcation while acting in a fiduciary capacity.

9.  Defendant denies the allegations of paragraphs 29, 33 and 37. and accordingly disputes the allegations included in paragraphs 27 through 38 of the complaint within the meaning of 11 U.S.C. § 303(b)(1).

10.  Under § 303(b)(1), this Court is not required to resolve a bona fide dispute as to liability or amount but is merely required to determine whether such a bona fide dispute or disputes exist.

11.  Because the petitioning creditors' claims are subject to "bona fide disputes as to liability or amount," the petitioning creditors lacked standing to file a petition under 11 USC § 303(b).

12.  Because the petitioning creditors lacked standing under § 303(b), the involuntary petition was unlawful and the case must be dismissed.

13.  Defendant further alleges that the petitioning creditors and their counsel are engaged in a scheme to "weaponize" 11 U.S.C. § 301 and to use the Chapter 7 Trustee as a debt collection agency, as a substitute for process and remedies available to protect and enforce rights under in State Court.

14.  Defendant/debtor is informed and believes that pursuant to 11 U.S.C. § 303(i)(1) and 303(i)(2), the Court should dismiss the Involuntary Petition and award him damages.

4

15. Alternatively, Defendant/debtor is informed and believes that the Court should abstain from hearing this involuntary case, which is essentially a two-party dispute between the Plaintiffs and the Defendant/debtor under 28 U.S.C. § 1334 where adequate and effective remedies are available under State law.

16. Defendant/debtor is further informed and believes that discovery should be allowed to determine whether Plaintiffs and their counsel instituted the petition herein in order to force Defendant/debtor and his non-debtor family members to defend against the "strong arm" powers of a Chapter 7 trustee at great expense and with the risk of the liquidation of non-debtor family members' assets, rather than for the proper purposes of a Chapter 7 case, *i.e.*, to marshal and liquidate the Defendant/debtor's assets in order to make a distribution to legitimate creditors.

17. Defendant/debtor is further informed and believes that the petitioning creditors and their co-plaintiffs and counsel in the state court default judgments are attempting to abuse the bankruptcy system to enhance their ability to threaten Defendant/debtor and his non-debtor family members with the seizure and liquidation of family members' assets, which would be far less available under the remedies provided creditors under South Carolina state law.

18. Defendant/debtor is informed and believes that Plaintiffs and their counsel appear to have strategically and improperly commenced this involuntary case in order to extract inflated settlement payments from Defendant/debtor's family members, who are presently faced with the choice of paying ransom for protection from Defendant/debtor's questionable liability caused by the failure of the Bank he ran and by the *ultra vires* "off the books" tortious conduct of Defendant/debtor's deceased son, or being forced to engage in costly litigation with the Chapter 7 Trustee to try to prevent the sale of the non-debtor family members' assets.

5

19. After the Plaintiffs, including the petitioning creditors, and their counsel obtained the disputed default judgments, they did not pursue normal collection remedies, but immediately filed this involuntary bankruptcy.

20. Pursuant to her statutory duties, the Chapter 7 Trustee appointed to the case began discovery into the Defendant/debtor's assets, which comprised a life estate in his residence, and other liquid assets, including certain assets involved in potentially avoidable recent transfers by Defendant/debtor.

21. On advice of counsel, both Defendant/debtor and his non-filing wife cooperated fully with the Chapter 7 Trustee's investigation, including detailed Rule 2004 examinations and extensive document production, with the active participation and cooperation of Defendant/debtor's other family members.

22. Throughout the proceedings, Defendant/debtor has maintained his complete lack of knowledge about or participation in apparent fraudulent activities and transactions engaged in solely by his late son while the latter was acting as an officer of the failed bank.

23. Furthermore, Defendant/debtor, during the period of the past several years in which his bank failed, his son died, and he and his wife both struggled with multiple medical crises, remained oblivious to the highly disputable lawsuit being shepherded through the state court by Plaintiffs and their counsel, resulting in the $55 million dollar default judgments entered in a single case based on a single hearing and comprising over 99.9% of Defendant/ debtor's debt at the petition date.

24.     As noted, the only effort by Plaintiffs and their counsel to recover on the $55 million default judgment(s) obtained against Defendant/debtor (and his deceased co-defendant) was the commencement of this involuntary Chapter 7 proceeding.

25.     11 U.S.C. § 303 provides in relevant part as follows:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title:
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not ... the subject of a bona fide dispute as to liability or amount...if such...undisputed claims aggregate at least $10,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims.

26.     Plaintiffs' claims are the subject of bona fide disputes as to both liability and amount. Defendant/debtor is in the process of filing, or has filed, a motion for relief from the default judgments which are the sole bases for plaintiffs' claims under applicable South Carolina Rules of Civil Procedure.

WHEREFORE, having answered the complaint in this adversary proceeding, Defendant/debtor respectfully requests that the Court enter an Order:

A.     Dismissing the complaint and declaring the claims which it concerns to be dischargeable;

B.     Abstaining from hearing the complaint under 28 USC § 1334;

C.     Dismissing *In re Walker Russell Harter, Sr.*, Case No.: 19-02879-dd for abuse of the provisions of the Bankruptcy Code relating to involuntary proceedings, when adequate remedies are available to the petitioning (and other judgment) creditors for collection of the

judgments under applicable non-bankruptcy South Carolina law; and,

    D.    Awarding such other and further relief as the Court deems appropriate.

Respectfully Submitted,

PHILIP FAIRBANKS, ESQ., P.C.

/s/ Philip Fairbanks
Philip Fairbanks  DCID  # 756
1214 King Street
Beaufort, SC 29902
Telephone:  (843) 521-1580
Email:  *chris@lowcountrybankruptcy.com*

Beaufort, South Carolina

January 21, 2020

8

# United States Bankruptcy Court
## District of South Carolina

In re __Walker Russell Harter, Sr.__    Case No. __19-02879__
                    Debtor(s)            Chapter __7__

## CERTIFICATE OF SERVICE

I hereby certify that on __January 21, 2020__ a copy of __Answer to Complaint to Deny Dischargeability__ was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

VIA First Class Mail and Email
Richard R. Gleissner, Esquire
Gleissner Law Firm, L.L.C.
1237 Gadsden Street, Suite 200A
Columbia, South Carolina 29201
Anissa@gleissnerlaw.com

Attorney for The Estate of Jack Morris, Harry Mole, Evelyn Mole, Bobby Wilson, Jr., Michael Artie Howard, Akeya Johnson, Sharon Duggan, Laquintun Davis, Ulysee Bunch, Wilbert Golden, Teresa Golden, Bobby Wilson, Sr., the Estate of William Simmons, James Freeman, Vincent Tony Howard and Dominique Stewart,

Michelle L Vieira - Electronically
Chapter 7 Panel Trustee.

Elisabetta G. Gasparini USTP - Electronically

/s/ Philip Fairbanks
**Philip Fairbanks #756
Philip L. Fairbanks
1214 King Street
Beaufort, SC 29902
843-521-1580Fax:843-521-1590**